GEORGE S. ROBBINS and another *v.* WILLIAM M. LAMBETH and another.

The acceptance of a bill of exchange or promissory note, though after sight of an indorsement, does not admit the signature of the indorser. The acceptor looks only to the signature of the drawer, and that alone he is precluded from afterwards disputing.

Plaintiffs, indorsees of a bill of exchange, alleged to have been burnt, drew on the acceptors for the amount payable at the maturity of the original bill. On presentation of the draft, the latter told plaintiffs' agent that "there would be no difficulty about it," which led the agent to conclude that the draft would be paid. *Held*, that these words, which probably referred only to the embarrassment resulting from the loss of the bill, did not, under the circumstances, amount to an absolute acceptance of the draft, nor waive the acceptors' right to be satisfied of the genuineness of the endorsement of the original bill.

An inconsiderate or hasty promise to accept a bill may, perhaps, be revoked, where no third person has in the meantime been affected by it.

A promise to accept a bill, if the amount exceed five hundred dollars, must be proved by at least one witness, and by other corroborating circumstances. These circumstances must be established *aliunde,* and not by the witness himself.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

MORPHY, J.  This action is brought against the defendants as acceptors of a bill of exchange alleged to be drawn by Isaac Thomas, to the order of and endorsed by E. H. Flint & Co. The petition avers that the bill was destroyed by fire in April, 1841, in the city of New York, when the papers and books of the plaintiffs were consumed ; that the defendants had been apprized of the fact, and promised to pay the bill or obligation, but that they now declined so to do, although security has been tendered to them in the premises.  Annexed to the petition are a bond of indemnity, and a draft of Robbins, Painter & Co. on the defendants for $2745 53, the amount of the last bill, payable the 4th of February, 1842, the period of maturity of the bill.  The answer admits that the defendants did accept a draft of Isaac Thomas in favor of E. H. Flint & Co., but denies every other allegation of the petition.  It further denies that any other indemnity was offered to defendants than the security of a house in New York, of whose responsibility they knew nothing, and whom, if they (the defendants) were really bound to the plaintiffs as alleged, they would not be bound to accept.  There was a judgment below for the plaintiffs, from which the defendants have appealed.

No proof was offered, on the trial, of the endorsement of the payees, E. H. Flint & Co.  The inferior judge was of opinion that this could be dispensed with, because the residence of Flint & Co. at Alexandria, the place where the bill was drawn, was presumptive evidence that it was endorsed before acceptance.  It appears to us that this presumption, if it exists at all, is a feeble one ; but even if such were the fact, it could not relieve the plaintiffs from the necessity of proving the genuineness of the endorsement of the payees.  It has been held that an acceptance, though made after sight of an endorsement, does not admit the signature of the endorser, because, when he accepts, the acceptor looks only to the hand-writing of the drawer, and *that* alone he is after-

wards precluded from disputing. Bailey on Bills, 487. Starkie, 4 part. 247. 1 Term R. 654. 6 Espinasse, 43. 1 Camp. 83. But it is urged that, if not bound by their original acceptance, the defendants are liable on their promise to pay, or acceptance of, the plaintiffs' draft on them for the same amount. On this point, Stanley Milford, an agent of the plaintiffs, testifies that he called on the defendants on or about the 20th of January last, and presented to them the plaintiffs' draft; that Lambeth, one of the firm, answered " that there would be no difficulty about it ;" that from this, he, the witness, concluded, and wrote to the plaintiffs that the draft would be paid when due ; that on the morning of the 4th of February, he requested payment of William Thompson, whose reply was that witness had better allow the day to pass, and see if the original draft would present itself; upon which, witness delayed calling until five o'clock in the afternoon, when he saw Lambeth, who then stated that he did not see that he could pay, without consulting Thomas, the drawer of the original bill. We do not think that the words used by the defendants, under the anomalous circumstances of this case, can by implication be viewed as an absolute acceptance or promise to pay. The expression, " there will be no difficulty about it," might have related to the embarrassments created by the loss of the bill, but did not waive their right to be satisfied of the genuineness of the endorsement under which the plaintiffs pretended to have become owners of the lost bill. Words far less ambiguous, in ordinary circumstances, have been held not to bind as an acceptance. In *Powell* v. *Jones*, 1st Espinasse, p. 17, it was ruled that the words, " there is your bill, it is all right," did not amount to an acceptance. Words used under the surprise of a sudden and unexpected demand, ought to be construed with strictness. Here was a demand made on them before the maturity of their original acceptance, under unusual circumstances. After their first answer, the defendants may have been, and probably were, advised of the necessity of caution. Hence the desire to see if the original draft would present itself, and the ultimate reply that the bill could not be paid without consulting the drawer, Isaac Thomas. They had perhaps the right to revoke an inconsiderate and hasty promise, if their words implied a promise, no third party having been in the mean time af-

fected by it. Chitty on Bills, 337, 338. 4 Massachusetts Rep. 341. But it is, moreover, urged by the appellants that, if their language be construed into a promise on their part, it must be considered as an agreement to pay money, and under art. 2257 of the Civil Code must be proved by one credible witness, and other corroborating circumstances, and that such circumstances must appear *aliunde*. 8 Mart. N. S., 457. 19 L. 265. We have searched the record in vain for corroborating circumstances in support of Milford's testimony. Upon the whole, it appears to us that the plaintiffs have not made out their case.

It is, therefore, ordered that the judgment of the Commercial Court be reversed ; and that there be judgment for the defendants as in case of nonsuit, with the costs in both courts.

*Potts*, for the plaintiffs.

*W. M. Randolph*, for the appellants.